DOMINIQUE DORSEY

VERSUS

DIAMOND STEWART

NO. 24-C-465

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

October 29, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** DOMINIQUE DORSEY

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NANCY A. MILLER, DIVISION "I", NUMBER 853-709

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

**WRIT DENIED**

In this protracted child custody matter, plaintiff/relator, Dominique Dorsey, seeks this Court's supervisory review of the trial court's September 16, 2024 judgment which ruled on defendant/respondent's objections to the recommendations of the domestic hearing officer regarding modification of custody, contempt, and sanctions, and granted in part defendant's Motion to Vacate the Hearing Officer's Interim Order (which was rendered on July 17, 2024). For the following reasons, on the showing made, we deny the writ application, noting that a full custody hearing is scheduled before the district court judge on November 19, 2024.

### FACTS AND PROCEDURAL BACKGROUND

The relevant facts and procedural history are as follows. The parties, who never married, are the parents of a five-year-old child whose custody is at issue herein. According to representations made in the writ application,

defendant/respondent, Diamond Stewart, who is the mother, is an active-duty service member who has been deployed at various stages of this litigation. Also according to the writ application, the custody litigation began in the state of Florida, where a judgment of paternity, custody, and support was rendered on January 20, 2021. Both parties lived in Florida at the time.

Thereafter, plaintiff/father, Dominique Dorsey, filed a petition on January 27, 2022 to make the Florida judgment executory in Louisiana in Civil District Court, Orleans Parish, which was granted. Various rulings not at issue here took place there. However, on January 19, 2023, defendant Ms. Stewart filed a Petition for Custody in the 26th Judicial District Court in Bossier Parish, Louisiana. That matter was eventually dismissed, the court recognizing the earlier filed matter in Orleans Parish. On February 1, 2023, Mr. Dorsey filed a motion to transfer the custody matter from Orleans Parish to Jefferson Parish, where he now lives. Before the matter was transferred, Mr. Dorsey secured a civil warrant from the Orleans Parish court to exercise custody in August of 2023, after locating the child in Florida, Ms. Stewart having deployed but also having failed to notify Mr. Dorsey of her deployment or the child's whereabouts. After securing the child, Mr. Dorsey exercised physical custody of the child from August of 2023 to March of 2024, according to the writ.

On March 6, 2024, Mr. Dorsey filed a motion for temporary emergency custody and another motion to transfer the case from Orleans Parish to Jefferson Parish. On March 15, 2024, Ms. Stewart applied for a civil warrant that was executed, and the child was relocated to Georgia with his maternal grandparents, Ms. Stewart being deployed to Kuwait. On April 12, 2024, both parties agreed to transfer the matter to Jefferson Parish, where it was formally filed on April 26, 2024.

On June 13, 2024, Mr. Dorsey filed a motion for modification of custody, arguing that custody should be modified because of: 1) defendant's active military status; 2) her non-compliance with the relocation statutes; 3) her failure to provide Mr. Dorsey with her address; and 4) her refusal to give Mr. Dorsey a copy of her military orders. He also filed a rule for contempt and a motion for sanctions. On July 5, 2024, Ms. Stewart was "served" by email with the motions, which was "confirmed" on July 15, 2024. A hearing officer conference took place on July 17, 2024.

At the July 17, 2024 hearing officer conference, Mr. Dorsey appeared, as well as counsel for both parties. Ms. Stewart did not appear, nor did she apparently file a response, or explain her failure to appear. An interim judgment of custody was issued on July 17, 2024. The judgment awarded the parties joint custody, gave Mr. Dorsey the authority to return the child to Louisiana where he would reside with Mr. Dorsey pending further court orders, granted Mr. Dorsey status as designated domiciliary parent, and granted Ms. Stewart visitation privileges.[1] The judgment found Ms. Stewart in contempt of court for failing to appear for the hearing, and further found her in contempt of the parties' previous custody judgment for relocating the minor to the State of Georgia without Mr. Dorsey's consent or by order of the court, in violation of the Louisiana relocation statutes.

On July 26, 2024, Ms. Stewart filed objections to the interim judgment, which were admittedly late under Rule 24(A)(3)(e), Rules of the 24th Judicial District Court, which allows three days from the judgment for an objection thereto to be filed. She also filed, on August 14, 2024, a motion to vacate the hearing officer's judgment, arguing insufficient service of process, and that the proceeding

---

[1] The interim judgment also included provisions for holidays, telephone contact, co-parenting orders, child support, and medical expenses.

should have been stayed under the Servicemembers' Civil Relief Act, 50 U.S.C. § 3901, *et seq.*, § 3932.

The matters were heard by the district court judge on September 3, 2024. In a written judgment dated September 16, 2024, the court partially granted Ms. Stewart's motion to vacate the interim judgment of July 17, 2024. The judge's ruling did the following:

1) vacated the portion of the judgment finding Ms. Stewart in contempt for failing to attend the hearing officer conference while deployed.
2) declared that all future custody proceedings shall be heard directly by the district court judge.
3) set trial on Mr. Dorsey's motion for modification of custody for Wednesday October 16, 2024, or if necessary for another future date after Ms. Stewart returns from her overseas military deployment. **This date was reset for November 19, 2024 by a later order of the district court.**
4) and ruled that "all recommendations made by the Hearing Officer on July 17, 2024 not altered herein, are made an Interim Judgment pending trial on Mr. Dorsey's Motion for Modification of Custody."

The trial court later issued written reasons for judgment dated September 16, 2024, wherein the court explained that the record supported a finding that Ms. Stewart had not been properly served with notice of the hearing officer conference, because the record did not show that she had designated an email address for purposes of service as required by La. C.C.P. art. 1313. The court further found that the interests of justice required the application of the federal Servicemembers' Civil Relief Act ("SCRA"), which, according to the court's written reasons for judgment:

> "provide[s] for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service" in order to "enable such persons to devote their entire energy to the defense needs of the Nation." 50 U.S.C.A. 3902. The SCRA's protections for deployed service members include: a prohibition on the taking of default judgments (Sec. 3931); the stay of civil judicial proceedings (Sec. 3932); the stay of the execution of judgments (Sec. 3934); and limits on the court's ability to consider a servicemember's deployment status in making child custody determinations (Sec. 3938), among many others."

While Ms. Stewart admitted that her objection was filed late, the court cited Uniform District Court Rule 1.4, which provides:

> An individual judge may, in the interest of justice and upon notice to all parties, permit deviations from these Rules in a particular proceeding. Any such deviation shall be noted on the record in open court in the presence of all parties or by written order filed into the record of the proceedings and mailed to all parties or their counsel of record.

The court held: "The ends of justice would not be served by allowing the recommendations of a domestic mediator to become a final custody judgment adverse to a deployed servicemember, without that servicemember having the opportunity to be heard. Such would be akin to a judgment in default, and would violate the spirit and the intent of the SCRA, if not its letter."

Mr. Dorsey filed a notice of intent and then this writ application, arguing:

1. the trial court committed manifest error by staying the proceedings under the Servicemembers' Act due to insufficiency of service;
2. the trial judge committed manifest error by staying the proceedings on the court's own motion after a final judgment; and
3. the trial judge committed manifest error by granting-in-part the vacating of a final judgment.

Mr. Dorsey argues that Ms. Stewart did not except to insufficient service of process, and thus, the trial court erred in vacating the contempt judgment for her failure to appear. He also asserts that a servicemember must plead the application of the SCRA. He also argues that because the objections were filed late, the trial court erred in vacating the "final" judgment in part.

## ANALYSIS

50 USC § 3932, entitled "Stay of proceedings when servicemember has notice," appears to apply to this proceeding. It states in part:

(a) Applicability of section

> This section applies to any civil action or proceeding, including any child custody proceeding, in which the plaintiff or defendant at the time of filing an application under this section—

> (1) is in military service or is within 90 days after termination of or release from military service; and

(2) has received notice of the action or proceeding.[2]

(b) Stay of proceedings

(1) Authority for stay

At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, *the court may on its own motion* and shall, *upon application by the servicemember,* stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met. …

(Emphasis added.)

We first note that only those parts of the judgment expressly altered by the trial court's September 16, 2024 judgment are affected by this writ application. All unaltered parts of said ruling remain in effect, as an interim judgment, which means the judgment was not stayed, until the full trial on the merits of the matter which is currently scheduled for November 19, 2024. Accordingly, Mr. Dorsey may bring the child to Louisiana, *etc.*, pending the full trial on the merits of the matter, per the interim judgment of July 17, 2024.

Second, appeals are from judgments, not reasons for judgment. While the reasons for judgment help us understand the judge's thought process, they form no part of the judgment. The judgment itself vacated one of the contempt findings, and in the interests of justice, turned the "final" hearing officer judgment back into an interim judgment as if the objections had been timely filed.

## CONCLUSION

Upon review, given the particular facts and circumstances and procedural posture of this case, on the showing made, we conclude that Mr. Dorsey has not shown irreparable harm in having the interim judgment maintained and having a full trial on the merits of the matter (currently scheduled for November 19, 2024),

---

[2] This appears to mean actual notice, not valid service, because 50 U.S.C. § 3931 applies when "the defendant does not make an appearance." Ms. Stewart did not appear at the hearing officer conference. Her attorney appeared to support the transfer motion. In any event, the parties do not appear to argue the applicability of 50 U.S.C. § 3931, though Mr. Dorsey argues that the trial judge should not have applied it on her own motion.

especially in light of the provisions of the Servicemembers' Civil Relief Act.

Accordingly, on the showing made, this writ application is denied.

Gretna, Louisiana, this 29th day of October, 2024.

**JGG**
**FHW**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/29/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-465**

CURTIS B. PURSELL
CLERK OF COURT

**E-NOTIFIED**

24th Judicial District Court (Clerk)
Honorable Nancy A. Miller (DISTRICT JUDGE)
Clarence J. Roby, Jr. (Respondent)          Joelann S. Rousell (Relator)

**MAILED**